**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 02-14191-CIV-COHN/MAYNARD**

**CARLOS JENNIS,**

      **Petitioner,**

**v.**

**SECRETARY FOR THE**
**DEPARTMENT OF CORRECTIONS,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION ON**
**AMENDED MOTION TO REOPEN HABEAS PROCEEDING [DE 34]**

This cause is before me on Petitioner Carlos Jennis's Amended Motion to Reopen Habeas Proceeding Pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Motion"). DE 33. Presiding United States District Judge James I. Cohn referred the matter to me. DE 26. Respondent Secretary for the Department of Corrections responded and filed an appendix. DE 37, DE 38. Petitioner replied. DE 39. The matter is now ripe for review. For the reasons stated below, I respectfully recommend that the Motion be **DENIED**.

**BACKGROUND**

Petitioner is a state prisoner at Everglades Correctional Facility in Miami, Florida. On February 22, 2000, after a jury in a Florida state court convicted Petitioner of first-degree murder, attempted first-degree murder, attempted voluntary manslaughter, and shooting at a vehicle, the state court sentenced Petitioner to life in prison without the possibility of parole in addition to consecutive lesser terms of incarceration. DE 17 at 2–3. Petitioner unsuccessfully sought relief through a direct appeal and a postconviction motion. *Id.* at 3.

1

On July 1, 2002, Petitioner initiated this proceeding by filing a petition for a writ of habeas corpus under United States Code Title 28, Section 2254.  DE 1, DE 2.  Petitioner raised the following grounds for habeas relief: improper admission of prejudicial and irrelevant evidence; prosecutorial misconduct; and ineffective assistance of counsel based on (1) failure to call an exculpatory witness, (2) failure to request a jury instruction, (3) failure to challenge a biased juror, and (4) counsel's conflict with Petitioner.  DE 2 at 5–21.  On August 25, 2003, this Court denied the Petition.  DE 17, DE 20.  Both this Court and the Eleventh Circuit Court of Appeals declined to issue a certificate of appealability.  DE 23, DE 24.

After over 20 years of inactivity in this federal case, Petitioner moved to reopen it on October 17, 2025.  DE 25.  As grounds, Petitioner cites Rule 60(b)(6) and "extraordinary circumstances that undermined the integrity of the original [f]ederal habeas proceedings."  DE 34 at 1.  Petitioner contends that extraordinary circumstances exist because on December 3, 2024, he requested records from the State Attorney's Office, and in response he received a previously undisclosed written plea offer with a sentence of 38.5 years.  *Id.* at 2.  Petitioner says the State delivered this offer to Petitioner's counsel during the trial court proceedings, but none of Petitioner's three court-appointed attorneys informed Petitioner.  Petitioner claims he did not know about the State's plea offer of 38.5 years until after he made the 2024 records request.  *Id.*  He therefore contends that the integrity of his federal habeas proceedings was undermined because the proceedings were "based on an incomplete and misleading record" and the federal court "was **unaware** of a material constitutional violation[.]"  DE 34 at 4 (emphasis in original).

Respondent counters that Petitioner's Motion is a veiled attempt to file a successive habeas petition with a new ground for relief.  DE 37 at 6–7.  Respondent says the Motion does not meet the requirements for reopening a case under Rule 60(b) or filing a successive petition.  *Id.* at 7–8.

In his reply, Petitioner reiterates that he has met the "extraordinary circumstances" requirement of Rule 60(b)(6), because the previously "concealed" plea offer rendered the prior habeas proceedings fundamentally incomplete.  DE 39 at 2.  Thus, he argues, his Motion is not a successive petition, but a proper motion to reopen based on an incomplete record.  *Id.* at 4.

## DISCUSSION

The Motion is, in substance, an unauthorized successive habeas petition.  As explained below, it is therefore barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under the AEDPA, federal courts have a strictly circumscribed power to grant a writ of habeas corpus setting aside a state prisoner's conviction because it was obtained in violation of the United States Constitution.  *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (citation omitted).  The AEDPA does not permit second or successive habeas petitions presenting new claims unless the petitioner shows (A) reliance on a new, retroactive rule of constitutional law, or (B) that a previously undiscoverable factual predicate would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty but for a constitutional error.  28 U.S.C. § 2244(b)(2).

Federal Rule of Civil Procedure 60 governs relief from a judgment or order.  Under Rule 60(b), a party may obtain relief from a final judgment, order, or proceeding under one of several specified circumstances or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A Rule 60(b) movant must show "extraordinary circumstances" for a court to reopen a final judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations and internal quotation marks omitted).

Rule 60(b) applies in habeas proceedings only to the extent it does not conflict with 28 U.S.C. § 2244(b).  *Gonzalez*, 545 U.S. at 529 (citations omitted).  A Rule 60(b) motion is essentially a veiled habeas corpus petition subject to the restrictions of Section 2244(b) when the motion contains a "claim," defined as "an asserted federal basis for relief from a state court's judgment of conviction." *Franqui v. Fla.*, 638 F.3d 1368, 1371 (11th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 530) (internal quotation marks omitted); *Gonzalez*, 545 U.S. at 531.  A petitioner cannot evade the restrictions of § 2244(b) by characterizing a successive petition as a motion to reopen the habeas proceedings under Rule 60(b).  *Franqui v. Fla.*, 638 F.3d 1368, 1371 (11th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 531–32).  Where, as here, a federal court has previously resolved the petitioner's habeas claims on their merits, I must view a Rule 60(b) motion "challenging that decision with particular skepticism." *Franqui*, 638 F.3d at 1371.

Here, the Motion is akin to a successive petition.  Though Petitioner alleges the absence of the plea offer from the federal record was a fundamental defect in the proceedings, DE 34 at 4, Petitioner cites no authority that required Respondent to include the offer in its appendix.  Indeed, the Court's order to show cause in the original habeas proceeding only required the appendix to contain the trial transcript and filings relating to direct appeals and state-court postconviction motions.  DE 8 at 1.

At the root of the Motion is Petitioner's attempt to present a claim that trial counsel's failure to present the plea offer to Petitioner during the state proceedings may have affected Petitioner's conviction or sentence.  DE 34 at 4.  Like in *Franqui*, though the Motion "is careful to characterize its attack as targeting the omission" of the written plea offer from the habeas proceeding, the Motion actually "advances an additional claim for habeas relief."  638 F.3d at 1372.  I cannot ignore that the Motion's goal is to obtain a second chance at federal relief from Petitioner's life

4 of 6

sentence based on a more favorable plea offer he asserts he never received. The Motion is therefore effectively a second habeas corpus petition. *See Gonzalez*, 545 U.S. at 531 ("A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute.") (citations omitted).

Having determined that the Motion is an petition for habeas relief, I must apply the restrictions on successive petitions found in 28 U.S.C. § 2244(b). A petitioner seeking to present a successive petition must first move for an order from the appropriate court of appeals authorizing a district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). Without such an order of authority, a district court lacks jurisdiction to consider a successive habeas petition. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). There is no evidence that Petitioner obtained (or even sought) an order from the Eleventh Circuit Court of Appeals allowing this Court to adjudicate a successive petition. Therefore, this Court lacks jurisdiction and must deny the Motion. *Young v. FCI Miami Warden*, 805 F. App'x 829, 832 (11th Cir. 2020) (citing *Franqui*, 638 F.3d at 1375); *Hidalgo v. U.S.*, 2014 WL 12768167, at *2 (S.D. Fla. Sept. 19, 2014) (citing *Hill*, 112 F.3d at 1089).

## CONCLUSION

Based upon the foregoing, I respectfully recommend that the Amended Motion to Reopen Habeas Proceeding, DE 34, be **DENIED**, and that this case be **CLOSED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge James I. Cohn. Failure to file objections timely shall bar the parties from a *de novo*

determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 1st day of May, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE