UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14191-CIV-COHN/MAYNARD

CARLOS JENNIS,

     Petitioner,

v.

SECRETARY FOR THE
DEPARTMENT OF CORRECTIONS,

     Respondent.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 40] ("Report") submitted by United States Magistrate Judge Shaniek M. Maynard regarding Petitioner Carlos Jennis' Amended Motion to Reopen Habeas Proceeding Pursuant to Federal Rule of Civil Procedure 60(b)(6) [DE 34] ("Motion").  Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Motion, Respondent's Response [DE 37], Petitioner's Reply [DE 39], the Report, Petitioner's Objections to the Report [DE 41], and the record in this case, and is otherwise advised in the premises. Upon careful consideration, the Court will adopt the Report, overrule Petitioner's Objections, and deny the Motion.

As detailed in the Report, Petitioner is a state prisoner serving a life sentence for first-degree murder, attempted first-degree murder, attempted voluntary manslaughter, and shooting at a vehicle.  DE 40 at 1.  He unsuccessfully sought relief through a direct appeal and a state postconviction motion.  Id.  He then initiated this habeas proceeding in 2002, raising, among other grounds, ineffective assistance of counsel based on (1)

failure to call an exculpatory witness, (2) failure to request a jury instruction, (3) failure to challenge a biased juror, and (4) counsel's conflict with Petitioner.  DE 2 at 11-22.  The Court denied his habeas motion in 2003 and the Eleventh Circuit declined to issue a certificate of appealability.  DE 20 & DE 24.

Now, after 20 years of inactivity, Petitioner moves to reopen this case under Rule 60(b)(6), citing "extraordinary circumstances that undermined the integrity of the original [f]ederal habeas proceeding."  DE 34 at 1.  These circumstances are Petitioner's discovery of a written plea offer for 38.5 years that Petitioner contends prosecutors delivered to his counsel prior to trial but was not known to him until he received it in response to a 2024 records request.  Id. at 2.  Petitioner thus argues that this proceeding was "based on an incomplete and misleading record" and that the Court "was **unaware** of a material constitutional violation[.]"  Id. at 4 (emphasis in original).

Judge Maynard concludes in the Report that, although Petitioner carefully characterizes his attack as targeting the omission of the written plea offer from this habeas proceeding, his Motion is effectively a second habeas petition.  DE 40 at 4-5.  As there is no evidence that Petitioner sought or obtained an order from the Eleventh Circuit allowing the Court to adjudicate a successive petition, Judge Maynard further concludes that the Court lacks jurisdiction and must deny the Motion.  Id. at 5.  The Court agrees with Judge Maynard's reasoning and analysis and will adopt the Report in full.

Petitioner's Objections to the Report lack merit and mostly reiterate his characterization of the Motion as attacking a defect in the integrity of this habeas proceeding rather than presenting a new claim for relief.  See DE 41.  Petitioner claims

that because his original habeas motion alleged that his trial counsel was ineffective because he had a conflict of interest, the instant Motion does not raise a new claim but instead offers proof of this alleged conflict of interest.  Id. at 3.  Petitioner also relies on Zakrzewski v. McDonough, 490 F.3d 1264 (11th Cir. 2007) to support his argument that a Rule 60(b) motion is not a successive habeas motion when it alleges fraud on the court.  Id. at 5-6.

As Judge Maynard explained in the Report, where, as here, the Court has already resolved Petitioner's habeas claim on the merits, the Court must view a Rule 60(b) motion "challenging that decision with particular skepticism."  Franqui v. Fla., 638 F.3d 1368, 1371 (11th Cir. 2011).  Regardless of how Petitioner characterizes the Motion, it clearly seeks to raise a claim of ineffective assistance for failing to convey a favorable plea offer.  Thus, this case is unlike Zakrzewski because there, the "[p]etitioner's motion [did] not assert or reassert allegations of error in his state convictions," but concerned alleged fraudulent representations to the district court by petitioner's habeas counsel.  490 F.3d at 1267.  Accordingly, it is

ORDERED AND ADJUDGED as follows:

1.  The Report and Recommendation [DE 40] is ADOPTED in its entirety.

2.  Petitioner's Objections [DE 41] are OVERRULED.

3.  Petitioner's Amended Motion to Reopen Habeas Proceeding Pursuant to Federal Rule of Civil Procedure 60(b)(6) [DE 34] is DENIED.

4.  A certificate of appealability is DENIED.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may

now seek a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 4th day of June, 2026.

JAMES I. COHN
United States District Judge

Copies provided to:
United States Magistrate Judge Shaniek M. Maynard
Counsel of record via CM/ECF
Pro se parties via U.S. mail to address on file

4